Robert T. Cruzen (Cal. Bar No. 203658)
rob.cruzen@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  503-595-5300
Facsimile:  503-595-5301

Counsel for Defendant
AMAZON.COM, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC., | |
| Plaintiff, | No.  5:15-cv-00962-PSG |
| -vs.- | REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT OF DEFENDANT AMAZON.COM, INC. |
| AMAZON.COM, INC., AT&T MOBILITY, LLC, and JOHN DOE NOS. 1-10, | |
| Defendants. | |

# TABLE OF CONTENTS

INTRODUCTION --------------------------------------------------------------------------------1

ARGUMENT-------------------------------------------------------------------------------------1

    I.    ADAPTIX II SHOULD BE DISMISSED BECAUSE IT VIOLATES THE RULE AGAINST CLAIM SPLITTING --------------------------------1

        A.    Plaintiff Does Not Dispute that Adaptix I and Adaptix II Involve the Same Patents, Same Parties and Essentially the Same Products ------------------------------------------------------------1

        B.    Plaintiff's Argument Relies on Inapposite Cases and Ignores Controlling Precedent ------------------------------------------2

        C.    Plaintiff Long Since Elected to Pursue Ongoing Acts of Alleged Infringement in Adaptix I -------------------------------------9

    II.    ADAPTIX II SHOULD BE DISMISSED AS A COLLATERAL ATTACK ON THE COURT'S ORDER DENYING AMENDMENT OF INFRINGEMENT CONTENTIONS IN ADAPTIX I ---------------- 12

CONCLUSION ------------------------------------------------------------------------------ 13

# TABLE OF AUTHORITIES

*Cases:*                                                                                                              *Page(s):*

*Acumed LLC v. Stryker Corp.*,
    525 F.3d 1319 (Fed. Cir. 2008) ............................................................... 5-6

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
    672 F.3d 1335 (Fed. Cir. 2012) ............................................................. *passim*

*Brain Life, LLC v. Elekta Inc.*,
    746 F.3d 1045 (Fed. Cir. 2014) ............................................................. *passim*

*Certain Integrated Circuits, Chipsets, & Products Containing Same*,
    USITC Inv. No. 337-TA-786, 2012 WL 3610787
    (U.S. Intern. Trade Com'n, July 12, 2012) ............................................... 8

*Foster v. Hallco Mfg. Co., Inc.*,
    947 F.2d 469 (Fed. Cir. 1991) ............................................................... *passim*

*Gillig v. Nike, Inc.*,
    602 F.3d 1354 (Fed. Cir. 2010) ............................................................... 3

*Hallco Mfg. Co. v. Foster*,
    256 F.3d 1290 (Fed. Cir. 2001) ............................................................... 6-9

*Icon–IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
    No. 13–cv–3677–JST (N.D. Cal. Oct. 22, 2013) .................................... 5, 12

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
    No. 3:10-CV-954-MO, 2014 WL 2533336 (D. Or. June 4, 2014) ............ 5-8

*Nystrom v. Trex Co.*,
    580 F.3d 1281 (Fed. Cir. 2009) ............................................................. *passim*

*Roche Palo Alto LLC v. Apotex, Inc.*,
    526 F. Supp. 2d 985 (N.D. Cal. 2007) ...................................................... 7

*SpeedTrack, Inc. v. Office Depot, Inc.*,
    No. C 07–3602 PJH, 2014 WL 1813292 (N.D. Cal., May 6, 2014) .......... 4

*Trs. of Columbia Univ. in City of N.Y. v. Roche Diagnostics GmbH*,
    126 F. Supp. 2d 16 (D. Mass. 2000) ........................................................ 9

*Vita Zahnfabrik H. Rauter GmbH & Co. KG v. Dentsply Int'l, Inc.*,
    No. 04-729, 2005 WL 6220491 (C.D. Cal., May 4, 2005) ......................... 9

# INTRODUCTION

As set forth in Amazon.com, Inc.'s ("Amazon") Motion to Dismiss ("Motion"), this action must be dismissed pursuant to the rule against claim splitting. That rule, which employs claim preclusion law, bars simultaneous suits involving the same parties, same patents and essentially the same products. In its opposition briefing, plaintiff Adaptix, Inc. ("plaintiff") does not dispute that this action involves the same parties, same patents, and essentially the same products already at issue in the earlier action it filed against Amazon ("Adaptix I"). Instead, plaintiff contends only that Federal Circuit claim preclusion law now permits duplicative suits to the extent they involve the same products but different time periods of infringement, and that plaintiff elected in Adaptix I to pursue claims of infringement based on occurrences only up to the time it filed its complaint. Plaintiff's argument ignores the controlling Federal Circuit rule that this Court must apply and is wrong as a matter of fact because plaintiff has always manifested an intent to pursue relief against Amazon for ongoing acts of alleged infringement in Adaptix I. Either of these grounds independently requires the dismissal of this action.

The Motion also argued that this action is an improper collateral attack on the Court's order denying leave to amend infringement contentions in Adaptix I. Plaintiff offers no substantive response. The case should be dismissed for this reason as well.

# ARGUMENT

**I.      ADAPTIX II SHOULD BE DISMISSED BECAUSE IT
        VIOLATES THE RULE AGAINST CLAIM SPLITTING.**

**A.      Plaintiff Does Not Dispute that Adaptix I and
         Adaptix II Involve the Same Patents, Same
         Parties and Essentially the Same Products.**

In the Motion, Amazon set forth the test for determining whether a second action

should be dismissed pursuant to the prohibition on claim splitting. Mot. at 7-10. Namely, this Court must apply a claim preclusion analysis, which tests whether the two suits involve the same parties, the same causes of action, and a final judgment on the merits. *Id*. Because the Court must assume for purposes of that analysis that the first action has been resolved on the merits (*id.* at 9), if both suits involve the same parties and the same causes of action, the second suit must be dismissed.

*First*, Adaptix I and Adaptix II involve the same plaintiff, and Amazon was sued in both cases. The Motion also reviewed Ninth Circuit law holding that a manufacturers' customers are in privity with it for purposes of claim preclusion. Mot. at 8-9. Therefore, the two suits involve the same parties. Plaintiff disputes none of this.

*Second*, the Motion explained that the same two patents are asserted in both cases, that the products at issue in Adaptix I are the same or "essentially the same" as the products at issue in Adaptix II. Mot. at 10-15. Again, plaintiff denies no aspect of this analysis.

Plaintiff instead argues only (1) that under Federal Circuit claim preclusion law, products sold after the filing of the first case cannot be subject to *res judicata* if a plaintiff elected not seek relief as to them in the first case (Opp. at 2) and (2) that plaintiff in fact elected not to litigate ongoing acts of infringement in Adaptix I that allegedly occurred after the filing of the complaint. Opp. at 3. If plaintiff is wrong about either one of these points, its argument fails, and this case must be dismissed. As discussed below, plaintiff is wrong on both points.

### B. Plaintiff's Argument Relies on Inapposite Cases and Ignores Controlling Precedent.

Plaintiff's argument that claim preclusion applies only to products sold prior to the

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 2 -

15-cv-962 PSG

filing of the Adaptix I complaint is purportedly based on two Federal Circuit panel opinions, *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045 (Fed. Cir. 2014), and *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335 (Fed. Cir. 2012). *Brain Life* held that claim preclusion barred all allegedly infringing acts that occurred before final judgment in the first action. "Without a doubt, these principles bar the assertion of infringement of either the method or system claims to the extent the alleged acts of infringement predate the final judgment in the MIDCO Litigation." 746 F.3d at 1053. In *Aspex Eyewear*, the court remanded the case to the district court to determine whether the products at issue in the second suit were targeted in the first suit, concluding that only such products raised in the first action would be barred by claim preclusion in a second suit filed after entry of judgment in the first action. 672 F.3d at 1345.[1]

Neither of these cases involved a plaintiff maintaining simultaneous patent litigations accusing the same defendant of selling the same products in both suits. No case plaintiff has cited authorizes that course of litigation conduct. As discussed below, *Brain Life* and *Aspex Eyewear* conflict with the controlling Federal Circuit rule to the extent they

---

[1] Adaptix also cites without discussion *Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed. Cir. 2010), but that case is not relevant. *Gillig* involved a claim of inventorship to eight patents, seven of which had not even issued at the time of the first complaint, based on an assignment that had not been addressed in the first suit. *Id.* at 1363 & n.5. *Gillig* applied the uncontroversial rule that res judicata "does not apply to new rights acquired during the action which might have been, but which were not, litigated." *Id.* at 1363 (emphasis added) (internal quotation marks omitted). Here, of course, plaintiff does not assert any "new rights," but only the same rights under the same patents against the same or essentially the same products. Even if *Gillig* were on point, it would not be binding on this Court to the extent it conflicts with prior Federal Circuit precedent.

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 3 -

15-cv-962 PSG

impose temporal restrictions on claim preclusion and this Court must follow earlier precedent. But even if this Court were inclined to follow these cases and apply them to the facts at issue on this motion, they would not assist plaintiff.

*Brain Life* held that a prior suit involving essentially the same products bars claims "to the extent the alleged acts of infringement *predate the final judgment*" in the first action. 746 F.3d at 1053 (emphasis added). As noted in Amazon's Motion, the acts that form the basis of Adaptix II obviously occurred prior to final judgment in Adaptix I, because Adaptix I remains pending. Mot. at 13, n.4. Plaintiff nevertheless argues in a footnote that *Brain Life* is somehow consistent with plaintiff's attempt to pursue damages for products sold at any time after the filing of the complaint in Adaptix I. Opp. at 3, n.1. Subsequent district court opinions have rejected this argument. *See, e.g.*, *SpeedTrack, Inc. v. Office Depot, Inc.*, No. C 07–3602 PJH, 2014 WL 1813292, at *4 (N.D. Cal., May 6, 2014) ("The court finds no support for this position, as SpeedTrack has not shown why the court should afford any significance to the date of the filing of its claims against Endeca. The *Brain Life* court was clear in holding that the only significant date, for res judicata purposes, is the date of final judgment in the earlier case.").

Similarly, *Aspex Eyewear* remanded to the district court to determine whether plaintiff had attempted in the first case to accuse the products at issue in the second case, in which event its claims would be barred. Here, plaintiff does not deny that products it claimed infringe its patents in Adaptix I are at issue in Adaptix II. And neither *Brain Life* nor *Aspex Eyewear* involved an earlier order denying a motion to amend infringement contentions for lack of diligence with regard to the same products at issue in the second suit.

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 4 -

15-cv-962 PSG

In any case, the *Brain Life* and *Aspex Eyewear* decisions conflict with the controlling Federal Circuit rule, whereby a plaintiff's claims against products that are the same or "essentially the same" as products that were the subject of a prior suit are barred, regardless of when those products were sold. The rule has been applied for more than twenty years since the Federal Circuit's decision in *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991). Amazon's Motion relied upon the Federal Circuit's opinions in *Nystrom v. Trex Co.*, 580 F.3d 1281, 1286 (Fed. Cir. 2009) and *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008) for this proposition. Plaintiff's opposition addresses neither case.[2]

Similarly, given plaintiff's position that no conflict exists between the two lines of cases, it is surprising that plaintiff does not respond in any way to Amazon's citation of *Mentor Graphics Corp. v. EVE-USA, Inc.*, No. 3:10-CV-954-MO, 2014 WL 2533336, at *1 (D. Or. June 4, 2014), which declined to follow both *Aspex Eyewear* and *Brain Life* on the exact question presented in this case. The *Mentor* court held that "the *Foster* line of cases cannot be reconciled with *Aspex* and *Brain Life*. Because one three-judge panel cannot overrule another, *Foster* controls until the Federal Circuit sitting *en banc* says otherwise." *Id*. (citations omitted).[3] As discussed below, the *Mentor* court correctly decided

---

[2] Amazon's Motion (at 10-15) also relied upon five district court cases applying the Federal Circuit's rule barring subsequent suits against new products that are "essentially the same" as products at issue in the first suit, without regard to when the new products were first sold, including this Court's opinion in *Icon-IP*. *See* Dkt 15-1 (Declaration of Robert T. Cruzen Decl. ("Cruzen Decl.")), Ex. 6 (Dkt. 15-7). Again, plaintiff has addressed none of these authorities.

[3] Although plaintiff never addresses the *Mentor* case cited in footnote 4 of Amazon's Motion, plaintiff's opposition briefing is full of invective directed at what it calls "the single, odd footnote." Opp. at 4. Plaintiff suggests that Amazon attempted to obscure the *Aspex*

REPLY BRIEF IN SUPPORT OF MOTION TO  
DISMISS OF DEFENDANT AMAZON.COM, INC.  
- 5 -

15-cv-962 PSG

that an irreconcilable conflict exists.

In *Foster v. Hallco Manufacturing Co.*, 947 F.2d 469 (Fed. Cir. 1991), the Federal Circuit held that claim preclusion operated to bar a second suit if "the devices in the two suits [are] essentially the same." *Id.* at 479-480. Ten years later, the Court repeated this holding in a case involving the same parties. Claim preclusion applied "only if the accused device was 'essentially the same' as the previous device admitted to infringe, or [if] any changes were merely 'colorable' or 'unrelated to the limitations in the claims of the patent.'" *Hallco Mfg. Co. v. Foster*, 256 F.3d 1290, 1295 (Fed. Cir. 2001) (quoting *Foster*, 947 F.2d at 479-80). Each of these suits involved products released after final judgment had been entered in the prior suits, and the products therefore could not have been litigated in the prior actions. *Hallco*, 256 F.3d at 1293 (new case targeted "redesigns" manufactured

---

*Eyewear* and *Brain Life* line of cases from the Court by merely citing to the *Mentor* court's discussion of them and the case law conflict "in a reduced-font footnote." *See* Opp. at 3 (mistakenly citing Amazon's Motion's n. 4 as n.1). Amazon's discussion of the issue was provided in a footnote because it dealt with an ancillary rule (1) that would not help plaintiff in the first place (*see* Part I(b), *infra*) and (2) that the *Mentor* court held a district court cannot properly follow unless and until the Federal Circuit sits *en banc* and expressly overrules the *Foster* line of cases. *Id.* 2014 WL 2533336, at *1. Were it Amazon's intention to obscure the Federal Circuit's divergence or those opinions (cited and discussed by the *Mentor* opinion), Amazon would not have raised the issue. The suggestion that Amazon employed a "reduced-font" footnote is simply wrong. Amazon's footnotes in its Motion were all 12 point font in compliance with L.R. 3-4(c)(2) (which compliance stands in contrast with plaintiff's footnotes in its opposition brief). Plaintiff argues that Amazon prevented plaintiff from distinguishing cases that followed *Foster* by not naming them. Opp. at 3, n.2. Apparently, this refers to Amazon's parenthetical after the *Mentor* citation charactering that opinion as "discussing history of the rule starting with *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991)." Mot. at 13, n.4. Presumably, plaintiff could have read the cited portion of the *Mentor* case and distinguished the cases discussed if it were capable of doing so. In any case, plaintiff distinguished none of the Federal Circuit cases applying the controlling rule that Amazon *did* cite, including *Nystrom* and *Acumed*, or the five district court cases applying the prevailing rule, so plaintiff's complaint rings hollow.

REPLY BRIEF IN SUPPORT OF MOTION TO  
DISMISS OF DEFENDANT AMAZON.COM, INC.  
- 6 -

15-cv-962 PSG

after the earlier judgment); *Foster*, 947 F.2d at 472 (new case targeted "new models of conveyor equipment" produced years after the first judgment).

Plaintiff attempts to distinguish *Foster* as involving a consent judgment and preclusion limited to a second invalidity attack (Opp. at 3), but the opinion applies standard claim preclusion law and makes no statements so limiting its holding. Subsequent cases, including the *Mentor* case and the Federal Circuit's opinion in *Nystrom*, continue to apply *Foster* to bar infringement claims where a prior suit ended in a litigated judgment. *See, e.g., Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985, 998 (N.D. Cal. 2007). Thus, *Foster's* holding cannot be limited to preclusion arising from consent judgments or to invalidity issues. Instead, *Foster* is applied in each of these cases to bar subsequent suits when they target products that are essentially the same as products at issue in a prior suit, even if the products were not released until long after judgment was entered in the prior suit. The *Foster* and *Hallco* rulings cannot be reconciled with case law holding that claim preclusion is limited to products actually raised in the prior suit (*Aspex Eyewear*) or to products released prior to judgment in the first suit (*Brain Life*).

Similarly, in *Nystrom*, certain flooring boards were accused of patent infringement in a first patent litigation, but found not to infringe the asserted patents. 580 F.3d at 1283-84. In a second suit, second-generation boards were accused. The Court found the products to be "essentially the same" and the second suit to be precluded, despite the fact that the second-generation boards were not litigated in the first case. *Id*. at 1284-86. The patentee argued that the second-generation products were not introduced until a year after final judgment in the prior action, Reply Brief of Appellant at 2, 7; *Nystrom*, 580 F.3d 1281 (No. 2009-1026), 2009 WL 1208038 (Fed. Cir. Apr. 16, 2009) (noting that "it is undisputed

that the final judgment of non-infringement in Trex I was entered in October 2002…, and that the various Trex II products were not introduced until 2003, 2005 and 2007 [and] [t]hus, it was impossible for the Trex II products to have been part of the Trex I case"), but the Federal Circuit nonetheless held that the second infringement claim was barred. 580 F.3d at 1286. Plaintiff does not cite, much less distinguish, *Nystrom*.[4] *Nystrom's* holding cannot be reconciled with the decisions in *Brain Life* and *Aspex Eyewear*, as noted above.

In sum, *Foster*, *Hallco*, and *Nystrom* held that suits targeting products released after judgment was entered in earlier cases were nevertheless barred by claim preclusion principles to the extent they were "essentially the same" as the products at issue in the first suits. Those holdings conflict with the holdings of *Brain Life* and *Aspex Eyewear*. Plaintiff contends that there is no conflict (Opp. at 3-4), but it never articulates how this can be so, offers any harmonizing vision of the cases, addresses *Nystrom*, or refutes *Mentor's* express holding that an irreconcilable conflict exists.

To the extent that recent panel opinions are inconsistent with the rule applied in the *Nystrom* line of cases, Amazon's motion noted the earlier panel decision controls when

---

[4] Plaintiff argued in its Opposition to Apple's recently-filed motion to dismiss that *Nystrom* was an "issue preclusion" case. (15-00365-PSG, Dkt. 36, (Opposition) at 8.) Plaintiff appears to have abandoned this argument, and for good reason. *Nystrom* uses the term "claim preclusion" seven times, and never mentions either issue preclusion or collateral estoppel. And issue preclusion would not have barred Nystrom's claim because he asserted a different theory (infringement by equivalents) that was not adjudicated on the merits in the earlier action. *Id*. at 1284-86. Thus, because issue preclusion requires that an issue be actually litigated, and Nystrom had not previously litigated the doctrine of equivalents, issue preclusion could not have applied. *Nystrom* is a claim preclusion case—as the Federal Circuit's opinion makes clear. The ITC has reached the same conclusion. *See Certain Integrated Circuits, Chipsets, & Products Containing Same*, USITC Inv. No. 337-TA-786, 2012 WL 3610787, at *45 (U.S. Intern. Trade Com'n, July 12, 2012) (rejecting argument that *Nystrom* involved issue preclusion because "*Nystrom* is clear that it is applying claim preclusion").

there is a conflict between two opinions of the Court. Plaintiff does not deny that if a conflict exists between *Aspex Eyewear* / *Brain Life* on the one hand and earlier Federal Circuit decisions on the other, this Court must follow the earlier opinions. *See, e.g.*, *Vita Zahnfabrik H. Rauter GmbH & Co. KG v. Dentsply Int'l, Inc.*, No. 04-729, 2005 WL 6220491, at *17 (C.D. Cal., May 4, 2005) (holding that "because the rule in *Newell* dictates that, where cases conflict, the earlier case controls,…the Court finds that it is bound to apply the holding of [the earlier panel decision]."); *Trs. of Columbia Univ. in City of N.Y. v. Roche Diagnostics GmbH*, 126 F. Supp. 2d 16, 32 (D. Mass. 2000) (applying earlier Federal Circuit precedent pursuant to *Newell* because "[w]hen confronted with two panel opinions in direct conflict, the earlier decision is controlling"). Because a conflict exists, *Foster, Hallco*, and *Nystrom* must be followed, and this action must be dismissed.

If the Court applies the controlling rule from the *Foster / Nystrom* line of cases, Amazon's Motion should be granted, and the Court need not consider the remainder of this reply. But even if the controlling rule were not applied, plaintiff could only survive dismissal if it could establish that it elected in Adaptix I to pursue claims only with regard to products sold prior to the filing of the action. Plaintiff cannot do so, as discussed below.

    **C.**   **Plaintiff Long Since Elected to Pursue Ongoing Acts of Alleged Infringement in Adaptix I.**

Even if the Court were not compelled to follow *Foster* / *Nystrom*, plaintiff's argument would fail because it is dependent upon the premise that plaintiff elected *not* to pursue claims for ongoing alleged infringement in Adaptix I. That premise is demonstrably false.

From the outset of Adaptix I, plaintiff based its claims on past *and* ongoing conduct. In its original complaint, plaintiff pleaded indirect infringement, and based its claims for inducement and contributory infringement only on conduct occurring *after* service of the

REPLY BRIEF IN SUPPORT OF MOTION TO            15-cv-962 PSG
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 9 -

complaint: "On information and belief, since Defendants have been on notice of the '212 patent *since at least service of this action, Defendants have been knowingly inducing infringement* of the '212 patent, including at least claim 16 of the '212 patent, and possessing specific intent to encourage others' infringement." Dkt 15-2, Cruzen Decl., Ex. 1 (Adaptix I Complaint), at ¶ 20 (emphasis added); *see id.* ¶ 28 ("By virtue of at least this Complaint, Defendants have been provided with written notice of ADAPTIX's allegations that Defendants have and *continue to contributorily infringe* the '212 patent…."); ¶ 40 (same inducement allegation for '748 patent); & ¶ 45 (same contributory infringement allegation for '748 patent).

Also, on September 16, 2014, plaintiff made the following statement in the parties' joint case management conference statement: "11. Relief: Adaptix seeks judgment that each Defendant has infringed *and continues to infringe* the patents in-suit." *See* Supplemental Declaration of Robert T. Cruzen, Ex. 7 (Jt. Case Management Statement, Dkt. 101) at 15 (emphasis added). Plaintiff noted in the same document that it sought injunctive relief (*id.*), which makes little sense had plaintiff limited its case to past conduct only. Plaintiff seeks the same relief in Adaptix II. Dkt. 1 at p.8 (prayer for relief). And on February 10, 2015, plaintiff's motion to amend its infringement contentions noted that, if denied, Adaptix would "file a subsequent complaint based *on the same facts*" at issue in Adaptix I. Cruzen Decl., Ex. 2 (Dkt 115) at 3 (emphasis added). Had plaintiff intended to pursue acts of alleged infringement occurring only up to the time of its filing of the Adaptix I complaint, Adaptix I and Adaptix II would involve different facts. At the very least, they would require different facts relevant to allegedly infringing sales. Therefore, there can be

REPLY BRIEF IN SUPPORT OF MOTION TO                  15-cv-962 PSG
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 10 -

no doubt that plaintiff at all times in Adaptix I targeted ongoing acts of alleged infringement.

In contrast to these clear indications that plaintiff sought relief for ongoing infringement, plaintiff cites *nothing* from Adaptix I suggesting that it intended to limit that case to conduct occurring prior to filing of the action. Its unsupported argument that it made such an election cannot be reconciled with its statements evidencing the opposite intention quoted above. Even if plaintiff were correct that the Court should decline to follow the controlling Federal Circuit claim preclusion law, plaintiff's argument would thus still fail.

Finally, from a policy standpoint, plaintiff's vision of the law governing claim splitting would produce absurd and unworkable results. Under that vision, a plaintiff could sue a defendant for selling product X on January 1, alleging infringement of patent '111 and contending that it sought damages only for past sales. The same plaintiff could sue the same defendant for selling product X on January 2, alleging infringement of patent '111 but contending that it sought damages only for sales occurring after January 2 in the second suit. Those suits would call on two juries to decide identical questions, but could produce inconsistent results. They would also unduly burden judicial resources and unfairly require a defendant to defend two wholly duplicative suits. Plaintiff has cited no authority that has condoned such duplicative actions. Even if the *Foster* / *Nystrom* line of cases did not already make it clear that no such conduct is permitted, common sense dictates that such a rule would be unworkable. For all of these reasons, this case must be dismissed.[5]

---

[5] Plaintiff characterizes as "puzzling" Amazon's suggestion that its inability to file an *inter partes* review petition ("IPR") in response to the new case is prejudicial. Opp. at 4, n.3. Plaintiff argues that Amazon consciously elected not to file an IPR when faced with

REPLY BRIEF IN SUPPORT OF MOTION TO  15-cv-962 PSG
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 11 -

## II. ADAPTIX II SHOULD BE DISMISSED AS A COLLATERAL ATTACK ON THE COURT'S ORDER DENYING AMENDMENT OF INFRINGEMENT CONTENTIONS IN ADAPTIX I.

Amazon's opening Motion noted that a party who receives an adverse ruling may file a motion for reconsideration, or an appeal after the conclusion of the action. *See* Mot. at 15-17, citing authorities. But filing a new lawsuit that attempts to achieve the outcome denied by the ruling in the earlier case is not one of the permissible options, and Adaptix's untimely attempt to amend its contentions in Adaptix I cannot be remedied through the filing of this action asserting the very theories the Court concluded could not be added to Adaptix I. *Id*. Finally, the Motion cited Federal Circuit authority and a number of district court opinions dismissing complaints on essentially identical facts, including this Court's opinion in *Icon–IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 13–cv–3677–JST (N.D. Cal. Oct. 22, 2013). *See* Cruzen Decl., Ex. 6. As noted in the Motion, the *Icon* Court held that a newly filed action to address products that were the subject of a rejected motion to amend infringement contentions constituted an improper collateral attack on the order denying leave to amend, and the Court dismissed the second action as a result. *Id.* at 1-3.

Plaintiff has not addressed even one of these cited authorities, or the substance of Amazon's argument. It merely states that the new action is "[n]ot really" a collateral attack without explaining how this can be so. If plaintiff is permitted to pursue in Adaptix II the very theories targeting induced and contributory infringement, infringement theories based

---

the infringement allegations in Adaptix I. That permitting plaintiff to now pursue theories plaintiff failed to diligently assert in Adaptix I would be prejudicial to Amazon because of passage of the IPR deadline has already been recognized by the Court, which cited just such prejudice in denying plaintiff leave to amend in Adaptix I. Cruzen Decl., Ex. 5 (1379 case, Dkt. 123) at 7.

REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS OF DEFENDANT AMAZON.COM, INC.
- 12 -
        15-cv-962 PSG

on Reporting Mode 3, or theories targeting the Fire Phone, all of which this Court barred because plaintiff failed to diligently assert them in Adaptix I, plaintiff will have obtained a backdoor reversal of the Court's prior order. The prohibition on collateral attacks is designed to prevent just such a result. *See* Mot. at 16 and cited authorities.

Finally, plaintiff suggests that it may still file an appeal from the final judgment in Adaptix I. Opp. at 5. That plaintiff may someday file an appeal in addition to now collaterally attacking the Court's order denying leave to amend its infringement contentions hardly resolves the problem of this duplicative case. An eventual appeal will not spare the Court from wasting judicial resources on this action and will not prevent Amazon from defending a second, harassing suit. And the fact that plaintiff possesses a potential right to appeal in Adaptix I after the entry of judgment in that case is the point: that procedure is plaintiff's remedy if it disagrees with the Court's order. This suit should be dismissed.

## CONCLUSION

For the reasons stated in this reply brief and in Amazon's Motion, Amazon requests that the Court dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

April 28, 2015         By:    /s/ Robert T. Cruzen
                              Robert T. Cruzen

                              Counsel for Defendant
                              AMAZON.COM, INC.